**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EAST PENN MANUFACTURING CO., | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | Civil Action No. 24-cv-3077 |
| | : | |
| JULIE SU, ACTING SECRETARY OF | : | |
| LABOR, U.S. DEPT. OF LABOR, | : | |
| | : | |
| *Defendant.* | : | |

## ORDER

AND NOW, this _____ day of _____, 2024, upon

consideration of Defendant Labor Secretary's Motion to Dismiss for Failure to State a

Claim and any response, it is hereby **ORDERED** that the Motion is **GRANTED** and

Plaintiff's Complaint is **DISMISSED**.

BY THE COURT:

_____
HONORABLE JEFFREY L. SCHMEHL
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EAST PENN MANUFACTURING CO., | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | Civil Action No. 24-cv-3077 |
| | : | |
| JULIE SU, ACTING SECRETARY OF | : | |
| LABOR, U.S. DEPT. OF LABOR, | : | |
| | : | |
| *Defendant.* | : | |

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

In May 2023, Defendant Julie Su, Acting Secretary of the U.S. Department of Labor (the "Secretary"), prevailed in a jury trial against East Penn Manufacturing Co. ("East Penn"), a battery manufacturer, for violations of the Fair Labor Standards Act. The Secretary's Regional Solicitor for Region III, Oscar Hampton, served as lead counsel at the trial in that original East Penn action. Months after the trial ended, Hampton sued the Secretary in the U.S. District Court for the District of Columbia, where he asserted employment discrimination claims. Based on this separate employment dispute, East Penn (as a plaintiff in this action) now asserts unsupported claims for fraud on the Court and fraud on East Penn under Federal Rule of Civil Procedure 60(d) (subsections 1 and 3), and the Federal Tort Claims Act ("FTCA").

The Secretary previously moved to stay pretrial proceedings in this action—including all discovery—until the Third Circuit rules on related cross-appeals from the original East Penn action. The Secretary maintains that this new suit should not move forward while the Third Circuit is considering the merits of the judgment in the original case. But a stay of discovery and of the parties' Rule 26(a) and 26(f) obligations need not

delay the Court's consideration of the legal insufficiency of East Penn's Complaint. *See* Fed. R. Civ. P. 1.

Because East Penn fails plausibly to plead its fraud claims, the claims should be dismissed (and the Secretary moves to dismiss them) under Federal Rule of Civil Procedure 12(b)(6). To the extent that the claims are grounded on the FTCA, the Secretary also moves under Rule 12(b)(1) to dismiss for lack of subject-matter jurisdiction.

Date:  September 18, 2024

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney


/s/ *Gregory B. David/gbs*
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division


/s/ *Elizabeth L. Coyne*
ELIZABETH L. COYNE
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Phone: (215) 861-8447
Email: Elizabeth.Coyne@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EAST PENN MANUFACTURING CO., | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | Civil Action No. 24-cv-3077 |
| | : | |
| JULIE SU, ACTING SECRETARY OF | : | |
| LABOR, U.S. DEPT. OF LABOR, | : | |
| | : | |
| *Defendant.* | : | |

**DEFENDANT'S MEMORANDUM OF LAW SUPPORTING
<u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

Defendant Julie Su, Acting Secretary of the U.S. Department of Labor (the "Secretary") previously moved to stay this action—including all discovery—until the Third Circuit rules in related cross-appeals from the judgment in a related case (the "original East Penn case"). The Secretary continues to maintain that pretrial proceedings in this new action should not move forward while those cross-appeals are pending.

However, a stay of discovery and of the parties' Rule 26(a) and 26(f) obligations need not delay the Court's consideration of the legal insufficiency of this Complaint. *See* Fed. R. Civ. P. 1. After years of litigation, comprised of voluminous motion practice and a weeks-long jury trial, East Penn now seeks to set aside the judgment in the original East Penn case as allegedly procured by fraud. But East Penn fails to plead any plausible fraud claims here, let alone claims that warrant a departure from the doctrine of *res judicata* under Rule 60(d). The Court should therefore dismiss the Complaint now under Rule 12(b)(6).

I.      **BACKGROUND**[1]

A.      **The Original East Penn Case and Cross-Appeals**

On March 20, 2018, the Secretary sued East Penn, a battery manufacturer, in this Court for violations of the Fair Labor Standards Act ("FLSA"). (Compl. ¶ 4, ECF No. 1; *see also Su v. East Penn Manufacturing, Co.,* No. 5:18-cv-1194-GEKP (E.D. Pa.) (the "original East Penn case"). The suit focused on East Penn's violation of the overtime provision of the FLSA by not paying for all hours worked, including time it required employees to put on and take off (also known as "donning and doffing") equipment to protect them, their families, and the community from lead and other toxic chemicals. Oscar Hampton, then-Regional Solicitor of Labor, served as lead counsel for the Secretary in that original East Penn case. (Compl. ¶ 6.) Following extensive discovery and pretrial motion practice that included briefing and oral argument on summary judgment, the case went to trial in March 2023. (*Id.* ¶ 4.) In May 2023, the jury returned a verdict in favor of the Secretary for $22,253,087.56 for East Penn's failure to pay employees for time they spent donning and doffing required personal protective equipment and uniforms. (*Id.* ¶ 4) The Court entered a corresponding judgment later that month. (*Id.*)

The Secretary then moved to alter the judgment to include liquidated damages equal to the jury's award—for a total judgment of $44,506,175.12. (Original East Penn Case at ECF No. 593.) Shortly thereafter, East Penn moved for judgment as a matter of law or, in the alternative, for a new trial or remittitur. (*Id.* at ECF No. 638.)

---

[1]      The Secretary takes the allegations in East Penn's Complaint as true for purposes of this motion only. The Secretary also cites the exhibits to East Penn's Complaint and the docket entries in the related cases, which the Court may consider on this Rule 12(b) motion. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

On June 28, 2023, the Honorable Gene E.K. Pratter stayed execution of the judgment pending a decision on those posttrial motions. (*Id*. at ECF No. 637.) On September 29, 2023, the Secretary moved to withdraw Hampton's appearance because, at that point, he was no longer a Department of Labor employee. (*Id*. at ECF No. 665.)

On October 17, 2023, Judge Pratter denied the Secretary's posttrial motion. (*Id*. at ECF Nos. 667, 668.) And on November 7, 2023, Judge Pratter denied East Penn's posttrial motion. (Compl. ¶ 13; *see also* Original East Penn Case at ECF Nos. 669, 670.)

On January 5, 2024, East Penn appealed the denial of its motion, which was docketed at Third Circuit No. 24-1046; the Secretary cross-appealed three days later, which was docketed at Third Circuit No. 24-1059. (Original East Penn Case at ECF Nos. 672, 673.)

As explained in the Secretary's motion to stay this independent action (ECF No. 12), these appeals raise issues that go to the merits of the judgment in the original East Penn case. As of August 16, 2024, the appeals are fully briefed, and oral argument is scheduled for September 23, 2024.

### B.   Oscar Hampton's Employment Discrimination Case

On November 7, 2023—the same day Judge Pratter entered her final order in the original East Penn case—Hampton sued the Secretary in the U.S. District Court for the District of Columbia. (Compl. ¶ 14; *see also Hampton v. Su*, Civ. No. 23-3338 (DLF) (D.D.C.) ("Hampton case").) The Hampton case asserts claims of employment discrimination and retaliation. (Hampton's complaint is attached to the present Complaint as Ex. A, ECF No. 1-3.)

After Hampton amended his complaint, the Secretary moved for partial dismissal in June 2024. (Hampton Case at ECF Nos. 9, 13.) The Secretary attached to that motion

3

a Final Agency Decision ("FAD") from the administrative review process that preceded Hampton's case. (The FAD is attached to the present Complaint as Ex. B, ECF No. 1-4.)

### C.    This Case

On July 16, 2024, East Penn filed this suit seeking to set aside the judgment in the original East Penn case. East Penn served the U.S. Attorney's Office by mail on July 17, 2024. East Penn grounds its Complaint on Federal Rule of Civil Procedure 60(d)(1) and (d)(3) or, in the alternative, on the Federal Tort Claims Act ("FTCA"). (Compl. ¶ 1.) East Penn avers that the allegations in the Hampton case amount to newly discovered evidence of fraud on the District Court and on East Penn—and of misconduct by the Secretary—in the original East Penn case. (*Id*. ¶¶ 6–8, 14.)

In its Complaint here, East Penn refers to—as supposed evidence of fraud—allegations from Hampton's case, the Secretary's June 2024 motion for partial dismissal, and the FAD attached to it. East Penn avers that: (1) Hampton asserted that he was removed from his Regional Solicitor position on a date that was four months before trial began in the original East Penn case (*id*. ¶ 14); (2) Hampton alleged that he was assigned thereafter to a workstation in the Secretary's Front Office in Washington, D.C. (*id*.); (3) the FAD stated that Hampton was removed from the original East Penn case on June 21, 2023 (*id*. ¶¶ 19–20); (4) Hampton nonetheless continued to be listed thereafter as Regional Solicitor on posttrial briefing in that case (*id*.); and (5) at oral argument on September 5, 2023, Judge Pratter told the Secretary's counsel that he "should tell Mr. Hampton" something, and the attorney responded "Certainly, Your Honor" without disclosing that Hampton no longer had a role in the litigation. (*Id*. ¶ 21.)

East Penn's Complaint also focuses on the FAD's summary of employee complaints about Hampton's conduct as a manager. The FAD noted that some

employees complained that Hampton: (1) "can be unethical and pressure attorneys" (*Id.* ¶¶ 22, 26); and (2) responded poorly to any efforts to disagree with him, raise concerns about cases, or approach litigation less aggressively than he does. (*Id.* ¶¶ 23–26).

East Penn acknowledges that it "does not know the details of the ethical concerns expressed by so many attorneys." (*Id.* ¶ 28.) But it speculates there might be further evidence of fraud in a Report of Investigation ("ROI") that the FAD cites. (*Id.* ¶¶ 15–19, 22–28.) East Penn also speculates without basis that the "accusations of ethical lapses by Mr. Hampton *may have* involved the withholding of documents; inaccurate responses to document requests, interrogatories, or requests for admission; inaccurate or involuntary declarations gathered by the Secretary's attorneys; or improper coaching or other influence on witnesses in the East Penn case." (*Id.* ¶ 28) (emphasis added).

The Complaint asserts claims for fraud on the Court and fraud on East Penn. For relief, East Penn asks the Court to set aside the judgment in the original East Penn case as the product of fraud. Relatedly, East Penn seeks discovery (East Penn has served the Secretary with written discovery requests) and asks the Court to award its cost and fees in this case and for the original East Penn case.

## II.   LEGAL STANDARDS

### A.   Federal Rule of Civil Procedure 12(b)(6)

In considering a Rule 12(b)(6) motion challenging the legal sufficiency of a complaint, courts accept as true all well-pleaded facts but disregard any legal conclusions. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The alleged facts must permit the court to infer, based on judicial experience and common sense, that the plaintiff has

asserted a claim for relief that is not merely possible but *plausible*. *See id.* at 211 (citing *Iqbal*, 556 U.S. at 678–79).

It is not enough for a plaintiff simply to regurgitate the elements of a cause of action. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" without "factual enhancement" will not do. *Iqbal*, 556 U.S. at 678. In short, a complaint premised only on bald legal assertions or "the mere possibility of misconduct" has not shown that the plaintiff is entitled to relief and must be dismissed. *See id.* at 679.

In deciding a motion to dismiss, the Court may consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer*, 605 F.3d at 230. Here, such documents include the exhibits to East Penn's Complaint, and docket entries in the relevant litigations.

### B.   Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject-matter jurisdiction—its very power to hear a case. *See Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997). A plaintiff bears the burden of proving that jurisdiction exists. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

When its jurisdiction is in dispute, a district court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* On a Rule 12(b)(1) motion, "no presumptive truthfulness attaches to plaintiff's allegations, and the

existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

So here, the Court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction, *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), as well as documents that are "integral to or explicitly relied upon in the complaint," *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (citation omitted).

## III.   ARGUMENT

The Secretary has already briefed the prudential reasons warranting a stay of pretrial proceedings (including discovery) in this case, which aims to set aside the judgment in the original East Penn case. As the Secretary pointed out, the merits of that judgment are pending before the Third Circuit on cross-appeals that are scheduled to be orally argued next week. (*See* Sec.'s Mot. to Stay and Reply, ECF Nos. 12, 15.) The Court need not and should not await resolution of the appeals, however, to dismiss East Penn's claims in this suit now.

The burden to plead and prove a Rule 60 action is demanding. East Penn's Complaint here completely lacks factual allegations supporting a plausible inference that attorney Hampton misrepresented material facts or law on behalf of the Secretary in the original East Penn case. To the contrary, East Penn merely avers its conjecture that Hampton's alleged conduct as a Department of Labor attorney manager—and his serving on a detail to the Secretary's Front Office—might have affected the outcome in that case.

These speculative allegations fail to state plausible claims for Rule 60(d)(1) or (d)(3) relief and should be dismissed under Rule 12(b)(6). Moreover, the Court lacks

7

subject-matter jurisdiction to consider any alternatively pleaded FTCA claims, which should be dismissed under Rule 12(b)(1).

> ### A.   East Penn fails to state a plausible fraud claim under Rule 60(d).
>
> > #### 1.   East Penn has not plausibly alleged a claim for fraud on the Court.

Rule 60(d)(3) permits the Court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). On an independent Rule 60 action, relief is "reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of *res judicata*." *United States v. Beggerly*, 524 U.S. 38, 46–47 (1998) (emphasis added) (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944)).

The standard for fraud upon the court is "necessarily demanding." *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005). It requires a showing by "clear, unequivocal and convincing evidence" of "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Id.* at 386–87; *see also Stuler v. United States*, 301 F. App'x 104, 106–07 (3d Cir. 2008) (explaining that, to state a claim in an independent action for fraud on the court, a party must meet the particularity requirement of Fed. R. Civ. P. 9(b)). *See generally* Fed. R. Civ. P. 9(b) ("In alleging fraud . . . a party must state with particularity the circumstances constituting fraud[.]").

It is further not enough to allege some harm to the plaintiff. To assert fraud on the Court, a pleading must allege a fraudulent scheme that "seriously affects the integrity of the normal process of adjudication." *Herring*, 424 F.3d at 386 n.1 (quotation

omitted). An independent action under Rule 60(d) is available "only to prevent a grave miscarriage of justice." *Beggerly*, 524 U.S. at 47.

East Penn fails to plead particular facts that would support a showing of intentional misrepresentations that interfered with the Court's judicial machinery.

**<u>First</u>**, East Penn's Complaint does not allege that Hampton (or anyone else at the Department of Labor) engaged in intentional fraud.

To state such a fraud claim, East Penn must plausibly plead that there was "a material misrepresentation of fact or law, with knowledge of the falsity, intent to deceive, justifiable reliance and damages." *In re Dynamo, LLC*, No. 08-27675, 2011 WL 2038971, at *6 (Bankr. D.N.J. May 24, 2011) (citing *Field v. Mans,* 516 U.S. 59, 68–70 (1995)).

East Penn bases its fraud allegations on Hampton's mere allegation that he was removed as the Regional Solicitor in November 2022, four months before trial began. East Penn concludes that, because Hampton represented to Judge Pratter and to the jury in the original case that he was Regional Solicitor, Hampton materially misrepresented his position.

However, a full reading of the pleadings in the Hampton case reveals that while Hampton's work assignment and duties changed, he retained the title of Regional Solicitor. (*See* ECF No. 1-3 at ¶ 14 (alleging Hampton was stripped of his managerial duties and prestige) and ¶ 27 (alleging that May 12, 2023 email from Solicitor of Labor referred to Hampton as "Regional Solicitor"); ECF No. 1-4 at text corresponding to n.100 (stating that Hampton was "detailed" to a remote position with the Front

Office).)[2] Moreover, the detail expressly permitted Hampton to continue in his role on the *East Penn* litigation. (ECF No. 1-3 at ¶ 95; ECF No. 1-4 at text corresponding to nn.100, 201, 202).) Even if he did misrepresent his title (which he did not), the misrepresentation could not have been material because he was still a licensed attorney authorized to represent the Secretary. By reading the complete documents that East Penn relies on, it is clear that Hampton did not materially misrepresent his role or title at trial.

In support of its fraud-on-the-Court claim, East Penn also avers that, on June 21, 2023, the Secretary removed Hampton from the *East Penn* litigation but then did not apprise the Court or East Penn of this change. Significantly, however, Hampton did not sign any filings or appear in court in the original East Penn case after that date. (*See* Original East Penn Case at ECF Nos. 636, 643, 644, 646, 648, 654, 656, 659.) The continuing appearance of his name and title in the Department's signature block until he separated from the Department—at which time, his appearance was withdrawn— does not rise to an intentional misrepresentation in the case.

Alleged complaints within the Department of Labor about Hampton's style when managing Department employees likewise fail to support an inference of intentional fraud.

East Penn alleges that some employees under Hampton's supervision were afraid to disagree with him or to raise ethical, factual, or legal concerns regarding their cases.

---

[2]     Hampton's detail to work remotely for the Department's Front Office did not strip him of his title. *See* 5 C.F.R. § 536.103 ("A position to which an employee is temporarily detailed is not documented as a position of record."); *see also* 5 C.F.R. § 317.903 (explaining details for employees in the Senior Executive Service). Nor did it require him to work in Washington, D.C. (ECF No. 1-4 at text corresponding to n.202.)

East Penn also alleges that Hampton looked down on employees who were not as aggressive in litigation as he was. These complaints may paint the picture of a difficult workplace, or a demanding supervisor, but they do not amount to fraud. Nothing in Hampton's complaint or the FAD suggests that Hampton himself was unethical in the way he litigated cases—let alone in East Penn's case. Indeed, the FAD notes that Hampton reportedly "had excellent relationships with the other attorneys working on that case." (ECF No. 1-4 at text corresponding to n. 213.) East Penn must do more to meet the particular pleading standards for intentional misrepresentation.

**<u>Second</u>**, East Penn fails to state how Hampton's alleged conduct deceived the Court, another requirement under *Herring*.

To state a claim for fraud on the Court, a plaintiff must allege deceit in fact, which interferes with the Court's ability to adjudicate cases. *See Herring*, 424 F.3d at 386 n.1. Relief should be denied in the absence of fraud that actually: (1) "undermine[s] the judicial process," *In re Bressman*, 874 F.3d 142, 151–52 (3d Cir. 2017); (2) "subvert[s] the integrity of the court itself"; or (3) prevents "the judicial machinery . . . [from] perform[ing] in the usual manner its impartial task of adjudging cases that are presented for adjudication," *Roggio v. FBI*, No. CV 08-4991, 2024 WL 3898020, at *3 (D.N.J. Aug. 22, 2024) (quoting *Hobbs v. Pennell*, No. 87-0285, 2009 WL 1975452, at *3 (D. Del. Jul. 8, 2009)).

Thus, a deliberate scheme to influence the court improperly—"such as bribery of a judge or jury or fabrication of evidence by counsel"—may be sufficiently egregious misconduct to warrant relief from judgment. *Herring*, 424 F.3d at 390; *In re Bressman* 874 F.3d at 152–53. But less-egregious conduct, such as inaccurate assertions in a lawsuit, does not suffice. *See Wei v. Pennsylvania*, No. 21-2059, 2021 WL 4544139, at

*2 (3d Cir. Oct. 5, 2021) (explaining that false statements by lawyers are "a serious matter" but are "commonplace" and "do not generally rise to the level of fraud on the court").

Likewise, if the alleged fraud would not have changed the case outcome, then no "grave miscarriage of justice" has resulted, and the judgment will be upheld. *See Lum v. Bank of Am.*, No. 05-5460, 2007 WL 1316320, at *2 (3d Cir. May 7, 2007) (affirming the district court's finding that the plaintiff's allegations were insufficient on these grounds); *see also Advanced Multilevel Concepts, Inc. v. Bukstel*, No. 11-3718, 2014 WL 6907973, at *12 (E.D. Pa. Dec. 9, 2014) ("Even if the Court assumes that Bukstel's allegations [of fraud on the court] are accurate, there is no evidence that [the judge] placed any faith in the truthfulness of these statements, in contrast to *Herring,* or that this declaration was a critical piece of evidence in the outcome of the case, in contrast to *Hazel-Atlas.*").

Here, East Penn's Complaint does not plausibly allege that Hampton's conduct deceived the Court or that it changed the outcome of the case. Even if Hampton no longer had the title of Regional Solicitor before trial, he still represented the Secretary with her consent, and there is no non-conjectural basis to conclude that the distinction harmed the integrity of the judicial process.

East Penn posits that the general accusations of unethical workplace conduct lodged against Hampton *may have* affected the evidence in the original East Penn case in a way that *could have* prevented East Penn from fairly presenting its defenses. (Compl. ¶¶ 28, 30, 33.) To reach this conclusion, East Penn merely assumes that the complaints of "unethical" conduct included unethical conduct *in litigation*; that even if there was unethical conduct in litigation, it *involved the East Penn litigation*; and that the unethical conduct in the East Penn litigation was so weighty it *affected the outcome*

12

of that litigation. East Penn presents no factual allegations to support these conjectural leaps. As plaintiff, it must do more than aver such speculative conclusions in order to state a plausible claim for a grave miscarriage of justice under Rule 60(d)(3). *See Twombly*, 550 U.S. at 544, 555 (to avoid dismissal, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"); *cf. Johnson v. Rardin*, 627 F. App'x 140, 141–42 (3d Cir. 2015) (finding vague insinuations of a conspiracy to disenfranchise the appellant were insufficient to support a fraud claim under Rule 60(b)(3)). East Penn has failed to aver any allegations of fraud in the original East Penn case, let alone allegations that meet the demanding standard required for a claim of fraud on the Court under Rule 60(d)(3). The claim should therefore be dismissed under Rule 12(b)(6).

> **2.   The claim of fraud on East Penn shares the same deficiencies.**

East Penn's claim for fraud on East Penn is equally unavailing.

Rule 60(d)(1) allows the Court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). To satisfy Rule 60(d)(1), a movant must allege and prove: (1) a judgment that ought not (in equity and good conscience) be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake that prevented the judgment defendant from obtaining the benefit of its defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law. *In re Machne Israel, Inc.*, 48 F. App'x 859, 863 n.2 (3d Cir. Oct. 4, 2002).

An independent action brought under Rule 60(d)(1) is "generally treated the same as a motion under Rule 60(b)." *Quarles v. Samples*, No. 90-cv-3625, 2023 WL

13

2497864, at *1 (E.D. Pa. Mar. 14, 2023). As noted above, though, the independent action is available "only to prevent a grave miscarriage of justice." *Beggerly*, 524 U.S. at 47; *see also Fink v. Bishop*, 2022 WL 4533855, at *2 (3d Cir. Sept. 28, 2022) ("Rule 60(d) permits a court to entertain an independent action to relieve a party from a judgment in order to prevent a grave miscarriage of justice.") (quotation omitted).

East Penn has not alleged, let alone plausibly, that Hampton engaged in any fraud that prevented East Penn from obtaining the benefit of its defense. At most, East Penn alleges that Hampton was a demanding supervisor and aggressive litigator. These allegations do not establish fraud.

The Complaint does not allege that Hampton actually engaged in unethical conduct while litigating the original East Penn case or any other case. East Penn makes a huge conjectural leap and imagines that Hampton's aggressive style may have led him to falsify discovery responses.

Under Rule 60(d)(1), East Penn has to allege more to bridge the gap between the complaints lodged against Hampton and East Penn's loss in the original case. The claim of fraud on East Penn must therefore also be dismissed under Rule 12(b)(6) for lack of plausibility.

### 3.    The claim for fraud on East Penn is untimely.

The claim for fraud on East Penn is, moreover, untimely.

A litigant may not use an action under Rule 60(d)(1) to bypass the requirement that a Rule 60(b)(3) motion be brought within one year. *See* Fed. R. Civ. P. 60(b)(3) ("On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (3) fraud . . . by an opposing party[.]"); Fed. R. Civ. P. 60(c)(1) ("A motion [under Rule 60(b)(3)] must be made . . . no more

14

than a year after the entry of the judgment or order or the date of the proceeding."); *Beggerly*, 524 U.S. at 46 ("If relief may be obtained through an independent action in a case such as this, where the most that may be charged against the Government is failure to furnish relevant information that would at best form the basis for a Rule 60(b)(3) motion, the strict 1-year time limit on such motions would be set at naught."); *In re Hoti Enters.*, 549 F. App'x 43, 44 (2d Cir. Jan. 7, 2014) ("[F]ailure to raise a fraud claim within one year under Rule 60(b)(3) precludes a litigant from alleging that the same fraud entitles it to equitable relief [under Rule 60(d)(1)] absent extraordinary circumstances."). Such a motion must be brought within one year, which East Penn concedes it did not do. (Compl. ¶ 15.)

### C.    The FTCA does not provide jurisdiction here.

East Penn incorrectly avers that the FTCA provides an additional basis for jurisdiction over its fraud claims that is in addition to the procedural provisions in Rule 60. (Compl. ¶ 1.) Read generously, the Complaint appears to allege that the FTCA specifically provides a jurisdictional basis for East Penn to bring common law tort claims for fraud here.

The FTCA, however, does not waive the United States' sovereign immunity for fraud claims or for claims seeking injunctive relief. Even if it did, East Penn failed to exhaust its claims—a jurisdictional prerequisite for filing suit. To the extent that East Penn's claims are asserted under the FTCA, therefore, the Court lacks subject-matter jurisdiction to consider them.

The United States and its agencies, as sovereign, are immune from suit unless they consent to be sued. *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign

immunity shields the Federal Government and its agencies from suit."). All waivers are "strictly construed" in favor of the United States. *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The FTCA is a limited waiver of the United States' sovereign immunity. It provides "the exclusive remedy" for tort claims based on the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Couden v. Duffe*, 446 F.3d 483, 498 n.10 (3d Cir. 2006) (citing 28 U.S.C. § 2679(b)(1)). If a suit does not conform to the terms on which the United States has consented to be sued, the Court lacks subject-matter jurisdiction to entertain it. *Meyer*, 510 at 475 ("Sovereign immunity is jurisdictional in nature. Indeed, the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." (citation and internal quotations omitted)).

### 1. The FTCA does not waive sovereign immunity for common law fraud or injunctive relief claims.

The FTCA does not waive sovereign immunity for fraud claims. *See* 28 U.S.C. § 2680(h); *Beneficial Consumer Discount Co. v. Poltonowicz*, 47 F.3d 91, 96 (3d Cir. 1995) (collecting cases and recognizing that courts have "consistently held that fraud claims against the government are not permitted under the FTCA"). Claims arising out of misrepresentation or deceit "are specifically exempted from the FTCA's waiver of sovereign immunity." *Brobst v. United States*, 659 F. App'x 135, 137 n.1 (3d Cir. 2016) (citing 28 U.S.C. § 2680(h)).

Claims for "fraud on the court" fall into this category of claims that are not within the FTCA's sovereign immunity waiver. *Id.* ("'[F]raud on the court' claims would fall squarely within this carveout to the FTCA."). The FTCA therefore cannot serve as a basis for subject-matter jurisdiction over fraud claims such as East Penn's.

16

In the FTCA, Congress also did not waive the United States' sovereign immunity to allow injunctive relief claims for allegedly tortious conduct. *See Hatahley v. United States*, 351 U.S. 173, 182 (1956) (holding that "the District Court did not possess the power to enjoin the United States," despite affirming that the Government was liable for damages under the FTCA); *Evans v. Comm'r of Soc. Sec.*, No. CV 24-1360, 2024 WL 2301368, at *3 (E.D. Pa. May 20, 2024) (collecting cases) ("Because the FTCA does not provide injunctive relief, sovereign immunity is not waived, meaning we do not have subject-matter jurisdiction."). The FTCA thus does not afford the Court jurisdiction to grant the injunctive relief East Penn seeks.

East Penn cites *Weldon v. United States*, 70 F.3d 1 (2d Cir. 1995) to support its contention that the FTCA provides an independent grant of jurisdiction here. (Compl. ¶ 1.) But *Weldon* is inapposite because the Second Circuit's holding relied on ancillary jurisdiction from an earlier FTCA suit. In contrast, here, the original East Penn case was not an FTCA suit against the United States, so there can be no ancillary jurisdiction under the FTCA. Moreover, unlike in the earlier *Weldon* suit, the Secretary here was the plaintiff (not the defendant) in the original East Penn case.[3] So, far from consenting in the original East Penn case to be sued, the Government sued East Penn. And there is "no authority . . . for the proposition that a waiver of sovereign immunity can be inferred from the government's *commencement* of an action." *Vill. of Airmont v. United States*, No. 98-3801, 1999 WL 123384, at *2 (S.D.N.Y. Feb. 5, 1999). Indeed, the "argument

---

[3]     The only proper defendant on an FTCA claim is the United States. *See* 28 U.S.C. § 2679(a); *Feaster v. Fed. Bureau of Prisons*, 366 F. App'x 322, 323 (3d Cir. 2010) ("The only proper defendant in an FTCA suit is the United States itself."). East Penn names the Secretary as defendant in this action, not the United States. If the Court does not dismiss these claims, East Penn must substitute the United States as the defendant.

that, because the Government voluntarily became a plaintiff in the [original] case, it effectively waived sovereign immunity in this related case, is at best disingenuous" and "rests on a flawed reading of . . . *Weldon v. United States*." *Id.*

Even if the *Weldon* procedural history were comparable to proceedings in the East Penn cases, the Second Circuit's reasoning does not outweigh precedential Third Circuit case law holding that the FTCA does not waive sovereign immunity for claims seeking injunctive relief. *See Redland Soccer Club, Inc. v. Dep't of Army of U.S.*, 55 F.3d 827, 848 n.11 (3d Cir. 1995) ("This remedy [of remedial action] is not available against the United States under FTCA.").

East Penn asserts only fraud claims and seeks only injunctive relief. The FTCA does not waive the United States' sovereign immunity to be sued for these claims, and the FTCA therefore does not grant the Court subject-matter jurisdiction here. Any such claims should therefore be dismissed under Rule 12(b)(1).

> **2.    Even if the FTCA had waived sovereign immunity for these claims, the Court still lacks jurisdiction because East Penn did not exhaust them.**

Under the FTCA, before a tort claimant can sue the federal government in district court, the claimant must first exhaust administrative remedies. *See* 28 U.S.C. § 2675; *White-Squire*, 592 F.3d at 457; *see also McNeil v. United States*, 508 U.S. 106, 112 (1993) (Section 2675(a) requires "complete exhaustion of Executive remedies before invocation of the judicial process"); *Lightfoot v. United States*, 564 F.3d 625, 626–27 (3d Cir. 2009) ("The FTCA precludes suit against the United States unless the claimant has first presented the claim to the relevant Federal agency and the claim has been finally denied.").

18

To exhaust administrative remedies, a plaintiff must: (1) provide the appropriate agency with written notification of the incident, "accompanied by a claim for money damages in a sum certain," 28 C.F.R. § 14.2(a); (2) do so within two years after the claim accrues; and (3) allow the agency six months to consider the claim presented. 28 U.S.C. § 2401(b); *see also id.* § 2675. Failure to "present" such a claim "deprives a claimant of federal court jurisdiction over his or her claim." *Tucker v. United States Postal Serv.*, 676 F.2d 954, 959 (3d Cir. 1982); *see also Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971) ("[The FTCA] specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by that agency as a prerequisite to suit under the Act. This requirement is jurisdictional and cannot be waived." (citations omitted)).

East Penn has not presented the Department of Labor with a claim for damages resulting from this alleged fraud. (*See* Ex. 1, Declaration of Sarah Naji ¶ 3.) East Penn's failure to do so constitutes a failure to exhaust administrative remedies, which divests this Court of subject-matter jurisdiction under the FTCA. Thus, to the extent that East Penn asserts its claims under the FTCA, the claims must be dismissed for failure to exhaust them. *See Bialowas*, 443 F.2d at 1049; *White-Squire*, 592 F.3d at 460 (affirming dismissal where plaintiff failed to comply with the administrative presentment requirement); *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015) (affirming dismissal of FTCA complaint where plaintiff failed to exhaust his administrative remedies prior to bringing his claims).

## IV.   CONCLUSION

In its Complaint, East Penn attacks the merits of the judgment in the original East Penn case and seeks to set that judgment aside. But the Third Circuit is currently

considering the merits of that same judgment on the parties' cross-appeals. The Secretary therefore previously moved to stay pretrial proceedings in this action— including all discovery—pending a ruling on the cross-appeals.

For the reasons stated above, and in the interests of efficiency, a stay of pretrial proceedings, however, should not delay this Court's dismissal of this action under Rules 12(b)(6) and 12(b)(1). *See generally* Fed. R. Civ. P. 1.

Dismissal at this time is appropriate because: (1) East Penn fails to plead plausible claims for fraud under Rule 60(d)(1) and (d)(3); and (2) the FTCA does not provide an alternative avenue of jurisdiction.

Date:  September 18, 2024                    Respectfully submitted,

                                            JACQUELINE C. ROMERO
                                            United States Attorney


                                            */s/ Gregory B. David/gbs*
                                            GREGORY B. DAVID
                                            Assistant United States Attorney
                                            Chief, Civil Division


                                            */s/ Elizabeth L. Coyne*
                                            ELIZABETH L. COYNE
                                            Assistant United States Attorney
                                            615 Chestnut Street, Suite 1250
                                            Philadelphia, PA 19106
                                            Phone: (215) 861-8447
                                            Email: Elizabeth.Coyne@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing motion to dismiss to be filed with the Court and served on the plaintiff's counsel of record through the Court's ECF system.


Date:  September 18, 2024          */s/ Elizabeth L. Coyne*
                                   ELIZABETH L. COYNE
                                   Assistant United States Attorney