IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EAST PENN MANUFACTURING CO., *Plaintiff*, v. LORI CHAVEZ-DEREMER, SECRETARY OF LABOR, U.S. DEPT. OF LABOR, *Defendant*. | CIVIL ACTION NO. 5:24-cv-03077-JLS |

**MEMORANDUM OPINION**

**SCHMEHL, J.** */s/ JLS*                                     **OCTOBER 1, 2025**

Before the Court are two motions in East Penn Manufacturing Company's collateral civil action, which seeks relief from a 2023 Fair Labor Standards Act judgment entered by the Honorable Gene E. K. Pratter. On the one hand, the Government moves to dismiss East Penn's two-count complaint. On the other, the company moves to compel discovery. For the reasons that follow, the Government's motion is denied, and East Penn's motion is granted in part.

**I**

East Penn manufactures and recycles lead-acid batteries. The work is hazardous, so the company required hourly employees to don protective gear before clocking in and shower after clocking out. The Secretary of Labor deemed these practices a violation of the Fair Labor Standards Act of 1938 and sued East Penn. After protracted litigation, a jury found in favor of the Government and awarded $22,253,087.56 in back pay. The Court of Appeals affirmed. *See Sec'y, U.S. Dep't of Labor v. E. Penn Mfg. Co.*, 123 F.4th 643, 652 (3d Cir. 2024), *petition for cert. filed*, *sub nom.*, *E. Penn Mfg. Co. v. Chavez-DeRemer*, No. 24-1309 (U.S. June 27, 2025). Now through

this independent action, East Penn alleges that the Secretary of Labor procured that underlying judgment through (1) fraud on the court and (2) common-law fraud on East Penn.

The central thrust of East Penn's complaint is that the Secretary's lead trial counsel, Oscar L. Hampton, III, litigated the case "unethically." As it stands, the company's concerns fall into two general categories. First, and most concretely, East Penn alleges that during the run-up to and throughout the 2023 trial, Mr. Hampton repeatedly represented to the Court, the jury, and opposing counsel that he was the Department of Labor's cognizant "Regional Solicitor." According to East Penn, those representations were actually false since Mr. Hampton was removed from the position of Regional Solicitor in 2022. And as proof, East Penn points to filings in Mr. Hampton's unrelated employment-discrimination lawsuit against the Secretary of Labor in the United States District Court for the District of Columbia wherein Mr. Hampton averred that he had been removed as Regional Solicitor for Region III in November 2022—months before the trial at issue.

Second, and more abstractly, East Penn again cites filings on the discrimination lawsuit's docket that reference vague statements by several Department attorneys expressing "ethical concerns" about Mr. Hampton. Viewed against the timeline of the underlying FLSA litigation, East Penn contends that the referenced concerns likely address conduct bearing directly on the integrity of the 2023 trial—though it concedes that it has not yet obtained the Department's entire investigative file and therefore does not know the precise nature or scope of the alleged misconduct.

Procedurally, after the present complaint was filed on July 16, 2024, the Government moved both to dismiss and to stay the case pending related Third Circuit proceedings. This Court heard argument and entered a stay. In January 2025, however, as the Third Circuit's affirmance of the underlying judgment was entered on the record, this Court lifted the stay and directed the

parties to commence discovery. Since then, several discovery disputes have arisen, focusing on the discoverability of the Department's Report of Investigation ("ROI") related to Mr. Hampton's termination, the Government's obligation to respond to requests for production and interrogatories, and whether East Penn may depose several Department of Labor current and former employees. In what follows, the Court addresses both the motion to dismiss and motion to compel discovery in turn.

## II

The Court starts with the motion to dismiss, where the Government mounts a classic Rule 12(b)(6) challenge contending that East Penn has not pleaded sufficiently particularized facts to sustain a claim for fraud on the court or fraud on a party. To survive such a motion, the complaint must contain sufficient factual matter that, taken as true, states a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the Third Circuit, District Courts resolve such challenges by: (1) identifying the elements of each claim; (2) setting aside conclusory assertions; and (3) evaluating whether the remaining well-pleaded facts, taken as true, plausibly give rise to relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787-89 (3d Cir. 2016).

With that basic framework in mind, the elements of a fraud-on-the-court claim are as follows: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Herring v. United States*, 424 F.3d 384, 386-87 (3d Cir. 2005). In terms of the nature of the fraud, the Third Circuit requires that the misconduct be nothing less than "the most egregious misconduct directed to the court itself," and that it be shown by "'clear, unequivocal and convincing evidence.'" *Id.* at 387 (quoting *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 538 F.2d 180, 195 (8th Cir. 1976)).

As to the allegation that Mr. Hampton misrepresented his title as Regional Solicitor to the Court, the jury, and opposing counsel, the Government contends that such conduct, even if accepted as true, is not sufficiently egregious to constitute fraud on the court.  Second, with respect to the more generalized references to "ethical concerns," the Government adds that those allegations are impermissibly vague and lack the particularity Rule 9(b) requires.

East Penn, in response, takes the opposite view.  The company asserts that its allegations are sufficiently particularized, emphasizing that Mr. Hampton repeatedly represented during the 2023 trial that he was the Regional Solicitor when he was not.  And they point that although he was allegedly transferred to a position in Washington, D.C., Mr. Hampton disparaged East Penn's defense counsel many times throughout the trial as "Washington lawyers," intending to suggest that East Penn's counsel were untrustworthy because they were not local Philadelphia counsel.

As to all of the "ethical concern" allegations, East Penn stresses that the underlying content of those concerns resides in the Department's ROI and related materials, which remain exclusively within the Government's control.  Under those circumstances, East Penn argues that a more lenient pleading standard should apply.  *See Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645-46 (3d Cir. 1989); *Spitzer v. Abdelhak*, Civ. No. 98-6475, 1999 WL 1204352, at *7 (E.D. Pa. Dec. 15, 1999) (deeming allegations of fraud sufficiently pleaded even where the plaintiff lacked complete detail regarding the allegations against individual defendants).

After considering both sets of arguments, and after carefully reviewing the complaint, the Court concludes that East Penn sufficiently pleaded a fraud-on-the-court claim.  The complaint makes clear that during the pendency of the Department's overtime enforcement action, the Government's lead trial lawyer, Oscar L. Hampton, III, repeatedly represented to the Court and the jury that he was the Department of Labor's Regional Solicitor for Region III when he was not.

Region III—headquartered in Philadelphia—covers Pennsylvania, Maryland, Delaware, Virginia, West Virginia, and Washington, D.C. It is one of seven regional solicitor's offices nationwide. In our government, it is obviously a position of prestige and power. So, because Mr. Hampton, an attorney for the United States, is indisputably an "officer of the court," and because his alleged misrepresentations as to title and authority go directly to the past decisionmakers' assessment of credibility and the weight presumptively accorded to counsel's representations, the complaint sufficiently alleges a fraud-on-the-court claim. Whether the totality of evidence ultimately satisfies *Herring*'s "clear, unequivocal and convincing" standard is a merits question that is reserved for a developed record.

Now as to the claim for fraud against an opposing party, the Court likewise concludes that East Penn clears the 12(b)(6) hurdle. The Third Circuit has articulated the elements for such a claim as: "(1) a misrepresentation of fact, (2) fraudulently uttered, (3) with intent to induce reliance, (4) and inducing justifiable reliance, (5) and to the injury of the injured party." *Averbach v. Rival Mfg. Co.*, 809 F.2d 1016, 1019 (3d Cir. 1987). Here, East Penn again alleges specific factual misrepresentations related to Mr. Hampton's official title and authority, made knowingly and repeatedly during the underlying litigation, with the intent that both the Court and East Penn rely on them. The complaint further alleges reliance on those statements and resulting prejudice insofar as East Penn's counsel was prevented from challenging the credibility Mr. Hampton allegedly gained through the use of a title that he did not hold. Accordingly, the Government's motion to dismiss is denied in full.

### III

Having resolved that, the Court now turns to the disputes hampering the orderly exchange of discovery. East Penn's motion raises four general issues. First, the company requests that the

Government produce unredacted materials responsive to its First Set of Requests for Production of Documents within ten days. Second, East Penn moves for full and complete answers to Interrogatories 1-4, 12, 14, and 17 within the same period. Third, East Penn seeks to proceed with the depositions of eight current and former Department of Labor employees within thirty days. Finally, East Penn seeks an order requiring the Government to produce within ten days a version of the Report of Investigation without numerous redactions.

Taking those issues in order, the Court begins with the interrogatories and the first request for production. The Government's principal objection is that discovery should not move forward while its motion to dismiss remains pending. That objection is overruled. The motion to dismiss has been resolved. Discovery shall proceed.

Next, with respect to the depositions of current and former Department of Labor employees, the Government argues that all such depositions are improper because the testimony sought is too intertwined with the Department of Labor's attorney work product and other enforceable privileges. In response, East Penn says that the proper way to protect privileged information is not to bar all such depositions outright, but rather to assert privilege in response to specific questions as they arise. The company notes that courts addressing similar disputes have taken this approach. *See U.S. v. Educ. Mgmt. LLC*, 2014 WL 1391142, at *3 (W.D. Pa. Feb. 24, 2014) (rejecting broad privilege-based motion to quash and holding that privilege objections should be raised at the deposition); *V. Mane Fils, S.A. v. Int'l Flavors & Fragrances Inc.*, No. 06-2304 (FLW), 2008 WL 3887621, at *4 (D.N.J. Aug. 20, 2008) (same) (citing *N.L.R.B. v. Mod. Drop Forge Co.*, 1997 WL 120572, at *3-4 (7th Cir. Mar. 14, 1997)). Today, the Court agrees with East Penn. These noticed depositions shall proceed. If the Government objects on privilege

6

grounds during the depositions, East Penn may move to compel if it believes that the objections are improper.

Finally, East Penn challenges the Government's privilege redactions in the ROI. The privilege log produced by the Government reflects more than twenty-five categories of redactions, invoking multiple distinct privileges. In an effort to advance this case while this more complex discovery dispute remains pending, the matter is referred to Magistrate Judge Craig Straw for a report and recommendation as to how the Court should rule.

## IV

For the foregoing reasons, the Government's motion to dismiss is denied. East Penn's motion to compel is granted in part, consistent with this Memorandum Opinion. The parties shall proceed with discovery as outlined, and issues concerning the Government's privilege redactions in the ROI are referred to Magistrate Judge Craig Straw for a report and recommendation. An appropriate order follows.