IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EAST PENN MANUFACTURING CO.,

*Plaintiff*,

v.

KEITH E. SONDERLING, ACTING
SECRETARY OF LABOR, U.S. DEPT. OF
LABOR,

*Defendant*.

CIVIL ACTION
NO. 5:24-cv-03077-JLS

**O R D E R**

**AND NOW**, this 10th day of June, 2026, upon consideration of Plaintiff's Motion to Compel Discovery, ECF No. 64, Defendant's Response in Opposition, ECF No. 67, Plaintiff's Reply in support of its Motion to Compel, ECF No. 71, Plaintiff's Memorandum in Support of its Opposition to Defendant's Claims of Privilege and Request for Oral Argument, ECF No. 82, Defendant's Response to Plaintiff's Supplemental Brief, ECF No. 83, and after review of the Report and Recommendation of United States Magistrate Judge Craig. M. Straw, ECF No. 87, it is hereby **ORDERED** that:

(1)    The Report and Recommendation is **APPROVED** and **ADOPTED IN PART**;

(2)    Plaintiff's motion to compel, ECF No. 64, is **GRANTED IN PART** and **DENIED IN PART** in accordance with the Report and Recommendation, except that, for the reasons set forth in the footnote below,[1] the Secretary of Labor's Objection to the Report and Recommendation Filed March 25, 2026, ECF No. 88, is **SUSTAINED**;

(3)    Defendant must produce to Plaintiff within fourteen (14) days: (1) all material Defendant claims is protected by the informant's privilege; (2) an unredacted copy of Keen's email notes with A1; and (3) material relating to Hampton's evaluation of his former colleagues' performance within Keen's email notes; and

(4)     Plaintiff's motion to compel is **DENIED** with respect to: (1) Hampton's memorandum in response to a Region III employee survey; (2) material detailing the Defendant's post-trial strategy in the East Penn enforcement action present in Keen's email notes about Hampton's mid-year review; (3) all material the Defendant asserts is protected by the deliberative process privilege; and (4) an unredacted copy of Hampton's memorandum detailing the Defendant's trial strategy for the East Penn enforcement action.

**BY THE COURT:**

*/s/ Jeffery L. Schmehl*
**JEFFREY L. SCHMEHL, J.**

---

[1]     The Secretary of Labor raises only one objection to the Report and Recommendation. Specifically, the Secretary argues that although Judge Straw correctly concluded that a trial-strategy memorandum sent by Mr. Hampton to the Solicitor of Labor constituted protected work product, he erred in deeming such protection impliedly waived under the at-issue exception to the work-product rule.

In response, East Penn has opposed the objection. The company argues that Judge Straw correctly applied the at-issue exception for two principal reasons. First, the Secretary has placed those materials "at issue" by denying East Penn's allegations and asserting, among other defenses, "that East Penn cannot prove 'that Mr. Hampton (or anyone else at the Department of Labor) engaged in intentional fraud in connection with the FLSA action.'" East Penn's Opp'n to the Sec'y's Objs. to the R. & R. at 6, ECF No. 89. In the alternative, East Penn argues that the at-issue exception is actually not a "waiver doctrine" at all. Rather, when the conduct or state of mind of an attorney is itself "at issue" in the claims being litigated, the protected work product is automatically discoverable, independent of any express or implied waiver.

After careful review, the Court sustains the Secretary's objection. First, contrary to East Penn's position, parties do not impliedly waive work-product protection merely by denying allegations in a complaint. *See Utesch v. Lannett Co., Inc.*, No. CV 16-5932, 2020 WL 7260775, at *10 (E.D. Pa. Dec. 9, 2020). Rather, implied waiver occurs where the party claiming privilege "voluntarily inject[s]" protected information into the litigation by, for example, asserting reliance on the advice of counsel as an affirmative defense to liability. *Id.* (citations omitted). Such affirmative conduct has not occurred here.

Second, although there is a line of cases recognizing that the very nature of certain claims may place otherwise protected materials at issue, *see, e.g., Bolus v. Carnicella*, No. 4:15-CV-01062, 2020 WL 6531007, at *7 (M.D. Pa. Nov. 5, 2020) (prosecutorial misconduct), today's case does not necessarily fall within that category. As pleaded, this action does not place Mr. Hampton's confidential legal opinions or mental impressions directly at issue. *Cf. Rhone-Poulenc*

2

*Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 864 (3d Cir. 1994) ("A party does not lose the privilege to protect attorney client communications from disclosure in discovery when his or her state of mind is put in issue in the action.").

Although it is theoretically possible that Mr. Hampton's work product could contain some relevant evidence—for example, by showing that he knew a particular fact to be true at one point in time and later made a contrary representation—East Penn has not demonstrated that proving any such fact requires the disclosure of protected work product, especially when ample other means of discovery remain outstanding, including depositions.  So, in the language of Rule 26(b)(3)(A)(ii), the Court concludes that East Penn has not shown that it cannot, without undue hardship, obtain the substantial equivalent of the information by other means.